UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN ROSENKRANZ, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>-against-<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>                Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff STEPHEN ROSENKRANZ (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP, against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

1

allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its principal office located at Norfolk, VA.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

10. Debt collection is the "principal purpose" of Defendant's business, as described by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 8, 2017; and (a) the

collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Citibank, N.A. ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiffs assert that the letter contained violations of 15 U.S.C. § 1692 et seq.;

- The Class period begins one year to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i. Whether Defendant violated various provisions of the FDCPA;

    ii. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive

3

- relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS PARTICULAR TO STEPHEN ROSENKRANZ

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to April 8, 2017, an obligation was allegedly incurred by Plaintiff.

15. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

18. At a time known only to Defendant, Defendant agreed to and did purchase from Creditor, directly or through an intermediary, debt accounts.

19. Defendant purchased Plaintiff's debt account from Creditor at or around April 8, 2017.

20. In its effort to collect on the obligation, Defendant contacted Plaintiff by written correspondence on April 8, 2017 (hereinafter the "letter"). A copy of the correspondence is attached herein as Exhibit "A".

21. Debt collection is the principal purpose of Defendant's business as reflected by a statement in Defendant's corporate website, which reads "Portfolio Recovery Associates, LLC (PRA, LLC) was founded in 1996 and is one of the nation's largest debt collectors."

22. Defendant's correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The letter stated, "All future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates,

LLC, PO Box 12914, Norfolk, VA 23541."

24. Defendant's correspondence further stated, "***Please call TOLL FREE at 1-800-772-1413*** to discuss payment arrangements."

25. On the back, Defendant's correspondence stated, "**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com."

26. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### Violations of 15 U.S.C. § 1692g(b)
### Validation of Debts

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

29. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

30. A debt collector has the obligation, not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

31. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by

other language in the communication, or by other collection activities during the 30-day validation period following the communication.

32. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

33. In this case, when confronted with the Defendant's letter which stated, "***Please call TOLL FREE at 1-800-772-1413*** to discuss payment arrangements" ("Toll Free statement") and that "All future… correspondence for this account…. should be directed to… [address]" ("Forward Correspondence statement"), it overshadows and contradicts the Plaintiff's right to dispute the debt orally and thus violates the Act.

34. The Toll Free statement implies that contacting the Defendant's representative on the TOLL FREE number is exclusively to discuss payment arrangements, and not for disputing the debt.

35. Further, the Forward Correspondence statement bolsters the belief that the Toll Free number is exclusively to discuss payment arrangements and that disputes may not be made orally by stating that any correspondence regarding this account must be in writing to the PO box address.

36. Although not expressly stated, the letter implies that any correspondence regarding this account, other than correspondence to discuss payment arrangements, must be in writing and directed to the PO box address.

37. However, these statements are false since Plaintiff can dispute the debt orally over the phone, without having to do so in writing to the PO box address.

38. Defendant's letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt orally.

39. Further, Defendant's correspondence stated, "**DISPUTES CORRESPONDENCE**

**ADDRESS:** PORTFOLIO RECOVERY ASSOCIATESE, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com."

40. In this case, when confronted with the Defendant's letter that only provides addresses for written disputes it overshadows and contradicts the Plaintiff's right to dispute the debt orally and thus violates the Act.

41. The said statement implies that in order to dispute the debt, Plaintiff must do so in writing, either by mail or email, and cannot do so orally.

42. Defendant's letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt by something other than in writing.

43. When all three statements are read together, the consumer is left believing only correspondences regarding payment arrangements may be made by the toll free telephone line while all other correspondences, which are not to discuss payment arrangements, must be directed to the PO box address.

44. These statements individually are violations of 15 U.S.C. § 1692g as they interfered with the debt collector's obligation to clearly, explicitly and unambiguously convey the validation notice.

45. These statements together, when reading the letter in its entirety, would likely make the "least sophisticated consumer" uncertain or confused as to her rights and thus undoubtedly overshadow the 15 USC §1692(g) requirements.

46. These statements together, when reading the letter in its entirety, are a violation of 15 U.S.C. § 1692g as they interfered with the debt collector's obligation to clearly, explicitly and unambiguously convey the validation notice.

47. Defendant's conduct violates 15 U.S.C. § 1692g.

**Second Count**
**Violation of 15 U.S.C. § 1692e, *et seq***
**False or Misleading Representations**

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "47" herein with the same force and effect as if the same were set forth at length herein.

49. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

51. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

52. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

53. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

54. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading concerning Plaintiff's right to dispute the debt by something other than in writing, it is deceptive within the meaning of the FDCPA.

55. When confronted with the Defendant's letter which stated, "***Please call TOLL FREE at 1-800-772-1413***, to discuss payment arrangements[,]" and "All future… correspondence for this account…. should be directed to… [address]", it is reasonable for the least sophisticated consumer to believe that the only reason to call that toll free number would be to discuss payment arrangement. That is inaccurate since you can

9

also call to dispute the debt verbally.

56. When confronted with the Defendant's letter which stated "**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATESE, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com[,]" It would be reasonable for the least sophisticated consumer to understand that statement to mean that in order to dispute the debt you must send them a written dispute. That would be inaccurate since they can dispute the debt verbally.

57. The least sophisticated consumer would likely be deceived by Defendants' conduct.

58. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

59. The least sophisticated consumer would be unsure as to whether a writing or oral communication is necessary to dispute the underlying debt.

60. Defendants' conduct violated 15 U.S.C. §1692e.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Sirotkin Varacalli & Hamra, LLP, as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: April 7, 2018

Respectfully submitted,

By: /s/ Salim Katach
Salim Katach, Esq.
Sirotkin Varacalli & Hamra, LLP
*Attorneys for Plaintiff*
110 East 59th Street, Suite 3200
New York, New York 10022
Phone: (646) 590-0571

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 7, 2018

Respectfully submitted,

By: /s/ Salim Katach
Salim Katach, Esq.